U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JAN 2 0 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MICHAEL LEWIS GROSSIE                CIVIL ACTION NO. 05-1467-A

VS.                                  SECTION P

BURL CAIN, WARDEN                    JUDGE DRELL

                                     MAGISTRATE JUDGE KIRK

### REPORT RECOMMENDING DISMISSAL OF SOME

### BUT NOT ALL OF PETITIONER'S CLAIMS FOR RELIEF

Before the court are pleadings entitled Petition for Writ of *Habeas Corpus* (28 U.S.C. §2254) and Motion for Stay and Abeyance filed on or about August 9, 2005 [Doc. 1] and, Amended Petition for Writ of *Habeas Corpus* [Doc. 6] filed on or about January 17, 2006 by *pro se* petitioner Michael Lewis Grossie. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving a life sentence imposed following his November, 2000 conviction for aggravated rape in the Ninth Judicial District Court, Rapides Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, the amended petition and its exhibits, along with the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On November 18, 1999 the Rapides Parish Grand Jury indicted petitioner, charging him with one count of aggravated rape. [Doc. 1-3, p. 24; Doc. 6-2, pp. 2, 3]

2. On November 13, 2000, petitioner appeared before the court, waived trial by jury, and requested trial by judge alone. [Doc. 1-3, pp. 24-25; Doc. 6-2, pp. 3-4]

3. On November 15, 2000 the trial commenced and following the presentation of evidence, the petitioner was found guilty as charged. [Doc. 1-3, pp. 25-26; Doc. 6-2, pp. 4-5]

4. On November 20, 2000, the petitioner filed a Motion for Post Verdict Judgment of Acquittal and a Motion for a New Trial. [Doc. 1-3, p. 26; Doc. 6-2, p. 5]

5. On November 28, 2000, the court denied those motions and sentenced petitioner to life without benefit of parole. Petitioner's motion for an appeal was granted. [*id.*]

6. Petitioner's court-appointed appellate counsel argued a single assignment of error – insufficiency of the evidence. In a *pro se* appeal brief, petitioner alleged a claim of ineffective assistance of counsel.

On October 3, 2001, petitioner's conviction was affirmed in an unpublished opinion of the Third Circuit Court of Appeals. State v. Grossie, 01-0225 (La. App. 3d Cir. 10/3/2001) (unpublished). [See Doc. 1-4, p. 5; Doc. 6-3, pp. 1-9]

As to the sufficiency of the evidence claim, the court concluded,

> "When the evidence is viewed in a light most favorable to the prosecution, it is sufficient to sustain a conviction of aggravated rape. While there were inconsistencies in the victim's statements, the physical evidence did not unresolvably contravene the victim's statements. The trial court found the essential elements of the crime proved beyond a reasonable doubt. We shall not disturb this finding." State v. Grossie, at pp. 5-6 [see also Doc. 6-3, pp. 6-7]

As to the ineffective assistance of counsel claims, the court noted:

> "In his pro se brief, the Defendant raises the issue of ineffective assistance of counsel. Defendant alleges no specific instances of ineffectiveness, stating only that had counsel done his job, there would have been a different result.
> 
> \* \* \*
> 
> A review of the Defendant's complaint demonstrates his lack of specific argument essential to support an allegation of ineffectiveness of counsel. Defendant alleges in brief that counsel made unprofessional errors such that had the errors not been made, the result of the trial would have been different. Defendant does not argue which errors may have resulted in his conviction; he makes only a vague allegation of conflict of interest because counsel did not properly question the victim at trial. Defendant

4

> further intimates that by counsel allowing
> him to waive his right to trial by jury,
> counsel made a strategic error which resulted
> in the conviction. Errors involving trial
> strategy do not fall within the ambit of
> ineffectiveness of counsel.
>
> * * *
>
> Finally, in his *pro se* brief, Defendant
> alleges there was evidence hidden by the
> State that would have exculpated him and that
> there were deficiencies with the State's
> expert's testimony regarding her medical
> findings. However, nowhere in the record are
> there objections to Dr. Myers' testimony or
> indications the State was withholding any
> exculpating material. Therefore, in the
> absence of contemporaneous objections at the
> trial level, these objections do no present
> issues reviewable on appeal." State v.
> Grossie, at pp. 6-7. Doc. 6-3, pp. 7-8

7. On October 26, 2001, petitioner applied for a writ of
*certiorari* in the Louisiana Supreme Court which was assigned
Docket Number 2001-KO-2916. [Doc. 6-3, p. 10] On November 1, 2001
and April 11, 2001, he was allowed to submit both an amended and
supplemental writ application. [Doc. 6-3, p. 11 and p. 12]

On October 14, 2002, petitioner's writ application was
denied. See State of Louisiana v. Michael Lewis Grossie, 2001-
2916 (La. 10/14/2002), 827 So.2d 412. Petitioner did not
thereafter seek further direct review in the United States
Supreme Court. [See also, Doc. 1-4, p. 5][1]

---

[1] Notwithstanding an order to do so [see Doc. 3], petitioner
has not provided copies of his original, amended, and
supplemental applications for writ of *certiorari*. Therefore, it
is impossible to determine which claims were ultimately raised.

8. On November 20, 2002 petitioner filed his first application for post-conviction relief in the Ninth Judicial District Court. According to the petitioner he argued twenty-two claims for relief –

> "Claims 1-6 challenged the credibility of the State witnesses on due process grounds; Claim 7 challenged the sufficiency of the evidence; Claim 8 concern [sic] bias of the trial judge due to his family relationship (cousin) to the prosecutor; Claim 9 alleged bias of the trial judge when he posed questions to the child victim; Claim 10 complained of the trial judge's denial of petitioner's supplemental appeal brief without proper authority; Claims 11-18 involved allegations of ineffectiveness of counsel based on counsel's failure to: (a) subpoena psychological evaluation of child victim; (b) file motion to reconsider sentence; (c) make opening statement; (d) effectively cross examine state witness Detective Gary Billingsly; (e) elicit testimony that maternal grandfather sexually abused child victim; (f) elicit testimony concerning child victim's propensity to make false accusations; (g) allow petitioner to undergo psychological profile by Dr. John Simoneaux, and (h) protect petitioner's right to trial by jury; Claim 19 challenge[d] the excessiveness of the sentence; Claim 20 alleged ineffective assistance of appellate counsel; and Claims 21-22 involved bias of the trial judge in reference with post-trial rulings in which he had no authority." [Doc. 1-4, pp. 6-7; see also Doc. 6-1, pp. 12-14][2]

---

[2] In his Amended Petition filed on January 17, 2006, petitioner provided a more detailed list of the claims for relief. However, he did not provide a copy of the application as he was directed to do in the Memorandum Order. Petitioner claims to have argued the following claims for relief:
**Due Process Violations**
1. The testimony of Dr. Myers did not inculpate the defendant,

and should not have been used as a basis to determine the guilt of the defendant.

2. Conviction was obtained in light of obvious exculpatory evidence, which should have acquitted the Defendant.

3. Conviction was obtained in light of testimony by Dr. Myers and victim that did not corroborate the other.

4. Victim (minor child T.S.) had reason to bring charges against the defendant with malice aforethought, and those reasons should have been used to impeach the child's testimony.

5. Conviction was obtained without physical evidence or eyewitness testimony.

6. Conviction was obtained in light of exculpatory evidence.

7. The evidence presented does not meet the Jackson v. Virginia standard of review.

8. Conviction was obtained in violation of the Defendant's right to a fair and impartial trial. The prosecutor and the trial court are blood relatives.

9. The trial court allowed himself to become personally involved in the case and asked leading questions to the witness.

10. The trial court has shown extreme prejudice and abuse of discretion in the dispensation of this docket.

**Ineffective assistance of counsel allegations**

11. Defense attorney failed to subpoena a psychological evaluation of the minor child T.S. (victim);

12. Defense attorney failed to file a Motion to Reconsider Sentence or a Post-verdict Judgment of Conviction of a lesser offense;

13. Defense attorney failed to make an opening statement;

14. Ineffective cross-examination of State witness Det. Gary Billingsly;

15. Defense attorney did not capitalize upon the possibility of the maternal grandfather who may have been the actual perpetrator of the crime against the child;

16. Failure of the defense attorney to give weight to the fact that the victim regularly lies to her own ends, and had reasons to do so;

17. Defense counsel prevented the defendant from attending his appointment with John Simoneaux in order to obtain a psychological profile that may have been exculpatory;

18. Defendant should not have been allowed to waive his right to a jury trial.

**Miscellaneous Claims**

19. Excessiveness of sentence.

20. Ineffective assistance of appellate counsel.

21. Trial court was prejudicial and biased (attempted to deny right to file supplemental *pro se* appeal brief.)

On December 17, 2002, the trial court apparently denied relief.[3]

On or about January 14, 2003 petitioner filed an application for writ of review in the Third Circuit Court of Appeals.[4]

On August 1, 2003 his writ application was denied. In denying relief, the Third Circuit Court noted,

> "...sentencing claims are not reviewable on post-conviction relief. State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172, reconsideration denied, 93-1380 (La. 2/16/96), 667 So.2d 1043. Also, Relator's sufficiency of the evidence claim is repetitive. See State v. Grossie, an unpublished opinion bearing docket number 01-225 (La. App. 3 Cir. 10/3/01). Relator's jury verdict claim was not first filed with the trial court and is not properly before this court. La. Code Crim.P. art. 926. Relator's claim that his jury trial waiver was invalid is without merit. At the time of Relator's trial, La. R.S.14:42 provided that different methods of trial are to be used depending on whether the state seeks the death penalty against the defendant. As the State did not seek the death penalty against Relator, there

22. Trial court was prejudicial and biased (attempted to deny a writ of mandamus.) [Doc. 6-1, pp. 13-14]

[3] Petitioner has not provided a copy of his Application for Post-Conviction Relief; nor has he provided a copy of the District Court's reasons for judgment denying relief despite a specific order to do so. [Doc. 3] Instead, he has provided what appears to be the final page of his Application for Post-Conviction Relief with the court's notation, "Moot. Matter has already been ruled on. /s Judge George C. Metoyer, Jr. 12/17/02."

[4] Petitioner has not provided a copy of his writ application to the Third Circuit Court of Appeals despite a specific order to do so. [Doc. 3]

> was no prohibition for his waiver of a jury
> trial." [State v. Grossie, No. KH 03-00041
> (La. App. 3d Cir. 8/1/2003). Doc. 1-3, p. 27;
> Doc. 6-3, p. 14]

9. On some unspecified date petitioner filed an application for writs in the Louisiana Supreme Court. On September 24, 2004, petitioner's writ application was denied. State ex rel. Michael Lewis Grossie v. State of Louisiana, 2003-2563 (La. 9/24/2004), 882 So.2d 1152.[5]

10. On or about July 25, 2005[6] petitioner filed a second application for post-conviction relief in the Ninth Judicial District Court. Therein petitioner argued two claims for relief: "(1) The District Court exceeded its jurisdiction when it accepted petitioner's invalid waiver of his right to trial by jury and proceeded with trial by judge in this capital case in violation of Article 1, §17 of the Louisiana Constitution, and Articles 780(A) and 782(B) of the Louisiana Code of Criminal Procedure. (2) Petitioner's right to trial by jury, as guaranteed by Article 1, §17 of the Louisiana Constitution and the Sixth and

---

[5] Petitioner has not provided a copy of his Supreme Court writ application despite a specific order that he do so. [Doc. 3]

[6] Petitioner signed his Application for Post-Conviction Relief on July 15, 2005. [Doc. 1-3, p. 9] However, he signed the certificate of service on July 25, 2005. [id., p. 23] This date represents the earliest date that petitioner could have presented his petition to the prison authorities for mailing and thus is the earliest date upon which the pleadings can be said to have been filed under the "mailbox" rule. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

Fourteenth Amendments to the United States Constitution, was violated by the trial court's acceptance of an invalid waiver of petitioner's right to a jury trial." [Doc. 1-3, pp. 14-15; Doc. 6-3, pp. 15-16]

On July 28, 2005, the application was denied by the trial court which noted, "Motion to set aside conviction is denied; lacks a legal basis. See opinion of the 3rd Cir. /s Judge George C. Metoyer, Jr. 7/28/2005." [Doc. 6-3, p. 16]

On August 18, 2005 petitioner filed an application for writ of review in the Third Circuit Court of Appeals. The matter was assigned Docket Number KH 05-01099. On December 16, 2005, the writ was denied by the Third Circuit which noted,

> "Relator's Application for Post-Conviction Relief was untimely filed and no except to the time limitation set out in La. Code Crim.P. art. 930.8 has been alleged.
>
> Accordingly, this writ is denied." State of Louisiana v. Michael Lewis Grossie, KH 05-01099 (La. App. 3d Cir. 12/16/2005). [See Doc. 6-3, p. 17]

Petitioner claims to have filed a petition for *certiorari* in the Louisiana Supreme Court on January 2, 2006 and he further claims that the petition is pending before that tribunal. [Doc. 6-1, p. 9; Doc. 6-1, p. 16]

11. On August 9, 2005 petitioner signed, and thus filed his federal petition for *habeas corpus*. Petitioner did not specifically urge any grounds for relief in his federal petition

and instead referred to "Memorandum in Support of Motion for Stay and Abeyance" attached to his federal petition. [See Doc. 1-1, pp. 4-5] This Memorandum did NOT specify any claims for relief. [Doc. 1-4, pp. 1-14] Instead, petitioner "...reserved his right to amend his federal *habeas* application to include all his claims and supporting arguments upon his return to federal court..." [Doc. 1-4, p. 12]

On December 8, 2005, the undersigned issued a Memorandum Order directing petitioner to amend his pleadings to provide specific documentary evidence in support of his claims. As shown above, the undersigned specifically directed petitioner to provide copies of various pleadings filed in the district court, the court of appeals, and the Supreme Court. Additionally, the undersigned directed petitioner to specify the claims raised in this suit. [Doc. 3]

12. On January 17, 2006 petitioner filed an Amended Petition for *Habeas Corpus* accompanied by some but not all of the exhibits ordered by the court. [Doc. 6][7] Therein he raised the following claims for relief:

(1) The evidence was insufficient to support the conviction which was based on incredible and conflicting testimony;

---

[7] As shown above, although ordered to do so, petitioner did not submit a copy of his pro se and counseled appeal briefs, his first Application for Post-Conviction Relief, or the writ applications submitted to the Third Circuit Court of Appeals and the Louisiana Supreme Court.

Ineffective assistance of counsel based on –

(2) counsel's failure to utilize psychological evaluation reports;

(3) counsel's refusal to allow the petitioner to attend appointment for psychological evaluation;

(4) counsel's failure to effectively cross-examine and impeach testimony of State witnesses;

(5) counsel's failure to elicit facts that maternal step-grandfather sexually molested child-victim;

(6) counsel's failure to recuse the trial judge because of his family relation with prosecutor;

(7) counsel's failure to object to the trial court's extensive questioning of child-victim;

(8) counsel's failure to protect petitioner's waiver of his right to trial by jury; and,

(9) Ineffective assistance of counsel based on the cumulative effect of errors committed by counsel. [Doc. 6-1, p. 25]

## LAW AND ANALYSIS

### 1. Stay and Abeyance

Petitioner seeks "stay and abeyance" of his federal *habeas corpus* petition pending the resolution of post-conviction proceedings filed in the Ninth Judicial District Court in July,

2005. As shown above, petitioner's post-conviction application was ultimately denied as untimely by the Third Circuit Court of Appeals.

When a federal *habeas* petition includes an unexhausted claim, the federal court should either dismiss the petition for failure to exhaust or stay and abey pending action on the claim by the state courts. Rhines v. Weber, --- U.S. ---, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440 (2005). Under Rhines, stay and abeyance may be appropriate only when the district court is presented with a "mixed petition" (a *habeas* petition which raises both exhausted and unexhausted claims) and finds that:

1) there was good cause for the failure to exhaust the claim;

2) the claim is not plainly meritless; and

3) there is no indication that the failure was for purposes of delay. *Id.* at 1535.

As stated above, petitioner's original *habeas* petition did not specify <u>any</u> claims for relief. Technically, it was not a "mixed petition" because it was not a petition at all. (See Rule 2 of the Rules Governing Section 2254 Cases which provides that a *habeas corpus* "petition must ... specify all the grounds for relief available to the petitioner..." and, "state the facts supporting each ground...")

According to the petitioner, the Third Circuit's Writ Denial

noted that his "...jury verdict claim was not first filed with
the trial court and is not properly before this court..." [Doc.
1-4, p. 10] He then claimed that "...his jury-trial claim was
presented in his State *habeas* application..." [*id.*] However,
petitioner failed initially, and again when ordered, to provide
copies of his first Application for Post-Conviction Relief or his
subsequent application for writs in the Third Circuit to
establish this allegation.

In any event, as is shown above, petitioner provided a
synopsis of the claims raised in his first Application for Post-
Conviction Relief both in his original pleadings and in his
amended pleadings. Based upon his own synopsis, it appears that
the Third Circuit was correct; petitioner did not raise a "jury-
trial claim" in that application. The only arguable reference to
the jury-trial issue was in the context of his ineffective
assistance of counsel claim where he faulted counsel for his
failure to "protect petitioner's right to trial by jury..." [Doc.
1-4, pp. 6-7]

Exhaustion of state court remedies is a fundamental
prerequisite to federal *habeas* relief under § 2254. Rose v.
Lundy, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 71 L.Ed.2d 379
(1982). A federal *habeas corpus* petition must be dismissed if
state remedies have not been exhausted as to all of the federal
court claims. *Id.*; see also 28 U.S.C. § 2254(b)(1)(A) (writ shall

not be granted unless it appears that the applicant has exhausted state remedies). Exhaustion is only satisfied when a petitioner shows that the substance of the federal *habeas corpus* claim was fairly presented to the highest state court. Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The federal *habeas corpus* claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement. *Id.* While the *habeas corpus* petitioner need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement, Lamberti v. Wainwright, 513 F.2d 277, 282 (5th Cir.1975), he surely cannot present new legal theories or new factual claims in his federal application. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997). According to petitioner's own synopsis, his jury waiver claim was raised only in the context of an ineffective assistance of counsel claim. [See Doc. 6-1, pp. 13-14; Doc. 1-4, pp. 6-7]

Additionally, when this issue was initially addressed, the undersigned noted that petitioner's second post-conviction application was probably untimely as a matter of Louisiana law. As noted in the Memorandum Order, LSA C.Cr.P. art. 930.8 provides that such applications must be filed within two years of the date that the judgment of conviction and sentence became final "...under the provisions of Article ... 922..." Article 922 provides, "If an application for a writ of review is timely filed

with the supreme court, the judgment of the appellate court ...
becomes final when the supreme court denied the writ." Since the
Louisiana Supreme Court denied petitioner's writ application on
direct review on October 14, 2002 [See State v. Grossie, 2001-
2916 (La. 10/14/2002), 827 So.2d 412], petitioner had until
October, 2004 within which to file his second application for
post-conviction relief.[8] He filed the second Application raising
his substantive jury trial waiver claims on July 25, 2005. [Doc.
1-3, p. 23] As predicted, the Application was determined to be
untimely by the Third Circuit Court of Appeals in their writ
denial rendered on December 16, 2005. See State v. Grossie, KH
05-01099 (La. App. 3d Cir. 12/16/2005.)

Clearly then, a stay and abeyance with regard to the
substantive jury waiver claim would be inappropriate.

Additionally, it does not appear that the allegedly
unexhausted jury waiver claims have any merit based upon the
evidence so far submitted. In his second application for post-
conviction relief petitioner made the following argument,

---

[8] Petitioner contends, "For purpose of La. C.Cr.P. art.
930.8(A), petitioner's conviction and sentence became final on
January 14, 2003, when the 90-day period expired for filing writ
of certiorari with the United States Supreme Court." [citation
omitted][See Doc. 1-3, p. 15] While this analysis is correct in
determining "finality" under the AEDPA, it does not appear to be
correct with respect to the determination of finality under
Louisiana law. Nevertheless, even if the Louisiana court uses the
January, 2003 date as its benchmark, petitioner's July, 2005
post-conviction application is untimely.

"Clearly, a defendant charged with a capital offense cannot waive a trial by jury and elect to be tried by the judge... The trial court had no authority, and without jurisdiction, to hold a bench trial in this capital case." [Doc. 1-3, p. 20] He also contended that his waiver of trial by jury was not made knowingly and intelligently because he "...was misinformed by his attorney that he had a statutory right to a judge trial even though he was charged with a capital offense..." [Doc. 1-3, p. 21] Petitioner argued only Louisiana statutory, constitutional, and jurisprudential law in support of his argument that he was prohibited by law from waiving his right to trial by jury. [See Doc. 1-3, pp. 18-21]

Petitioner's arguments thus do not suggest the violation of the United States Constitution. While criminal defendants have the fundamental constitutional right to a jury trial under the Sixth Amendment; however, it has long been held that such persons may knowingly and voluntarily waive such right. Duncan v. Louisiana, 391 U.S. 145, 149-50, 158 (1968). Petitioner in effect argued that his waiver was invalid under the Louisiana Constitution and the Louisiana Code of Criminal Procedure; he made no showing that his waiver violated the Constitution of the United States. A state prisoner seeking federal *habeas corpus* relief must assert a violation of the United States Constitution. Lowery v. Collins, 988 F.2d 1354, 1367 (5th Cir.1993). Federal

*habeas corpus* relief is not available to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); West v. Johnson, 92 F.3d 1385, 1404 (5th Cir.1996), cert. denied, 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997). In other words, a federal court does not sit as a "super" state appeals court. Dillard v. Blackburn, 780 F.2d 509, 513 (5th Cir.1986).

Finally, petitioner has implicitly abandoned this claim. It does not appear as an enumerated claim for relief in his amended petition. [see Doc. 6-1, p. 25]

Accordingly, it is recommended that petitioner's Motion for Stay and Abeyance so that he may exhaust his substantive jury trial waiver claim be denied.

## 2. Exhaustion Analysis of Claims Raised in the Amended Petition

As shown above, petitioner, through his amended petition, has argued specific claims for relief which are summarized as follows:

(1) The evidence was insufficient to support the conviction which was based on incredible and conflicting testimony;

Ineffective assistance of counsel based on –

(2) counsel's failure to utilize psychological evaluation reports;

(3) counsel's refusal to allow the petitioner to attend

appointment for psychological evaluation;

(4) counsel's failure to effectively cross-examine and impeach testimony of State witnesses;

(5) counsel's failure to elicit facts that maternal step-grandfather sexually molested child-victim;

(6) counsel's failure to recuse the trial judge because of his family relation with prosecutor;

(7) counsel's failure to object to the trial court's extensive questioning of child-victim;

(8) counsel's failure to protect petitioner's waiver of his right to trial by jury; and,

(9) Ineffective assistance of counsel based on the cumulative effect of errors committed by counsel. [Doc. 6-1, p. 25]

A review of the pleadings and exhibits establishes that some of these claims remain unexhausted.

## A. Claim One - Insufficiency of the Evidence

Petitioner argued an insufficiency of the evidence claim as Assignment of Error Number One on direct appeal. Petitioner has not provided a copy of the writ application submitted to the Supreme Court of Louisiana, therefore, it cannot be determined whether this claim was exhausted on direct appeal.

In any event, petitioner claimed that he raised the issue of sufficiency of evidence in his first Application for Post-

Conviction Relief as Claim 7. There is no documentary evidence to substantiate petitioner's claim that he raised a sufficiency of the evidence claim in his Application for Post-Conviction Relief. It does appear, however, that he raised the claim in his subsequent writ application in the Third Circuit because in denying writs, that Court noted, "...Relator's sufficiency of the evidence claim is repetitive..." [State v. Grossie, KH 03-00041 (La. App. 8/1/2003); Doc. 6-3, p. 14] Finally, since petitioner has not provided a copy of his subsequent writ applications to the Louisiana Supreme Court, it is impossible to determine with certitude whether or not this claim was fully exhausted.

**B. Claim Two - Ineffective assistance of counsel -- counsel's failure to utilize psychological evaluation reports**

Petitioner claims that he raised the following claim as Claim 11 in his first Application for Post-Conviction Relief, "Defense failed to subpoena a psychological evaluation of the minor child T.S. (victim)."

Whether or not this claim is identical to the claim raised in the instant federal petition is impossible to say because, as previously noted, petitioner has not provided copies of the Application or of the subsequent writ applications to the court of appeals and the Supreme Court.

**C. Claim Three - Ineffective Assistance of Counsel -**
**refusal to allow the petitioner to attend appointment for**
**psychological evaluation**

Petitioner contends that he raised this claim as Claim 17 in his application for post-conviction relief. He maintains that Claim 17 alleged, "Defense counsel prevented the defendant from attending his appointment with John Simoneaux in order to obtain a psychological profile that may have been exculpatory."

Petitioner's failure to provide copies of the Application for Post Conviction Relief and the subsequent writ applications makes it impossible to determine whether or not this claim was fully exhausted.

**D. Claim Four - Ineffective Assistance of Counsel -**
**Failure to effectively cross-examine and impeach witnesses**

Petitioner claims that he raised this claim as Claim 14 of his Application for Post-Conviction Relief. However, according to petitioner's synopsis of his Application for Post-Conviction Relief, Claim 14 argued only that counsel's cross-examination of Detective Billingsly was ineffective, and he makes no such allegation in his present federal petition. In fact, the only allegation concerning ineffective cross examination are as follows: "Counsel could have effectively cross-examined Mrs. Witherell, and confronted her with the allegations that Jackie made about Mr. Witherall molesting the girls..." [Doc. 6-1, p.

42] and, "Petitioner further suggest[s] that counsel could have done more to attack [the victim's] credibility." [*id.*]

As stated above, a fundamental prerequisite to federal *habeas* relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Rose v. Lundy, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement is satisfied only when the substance of the federal *habeas* claim has been fairly presented to the highest state court. Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement. *Id.* While the *habeas corpus* applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement, [Lamberti v. Wainwright, 513 F.2d 277, 282 (5th Cir.1975)], clearly the petitioner cannot present new legal theories or new factual claims in his federal application. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997). Claim 4 raises new factual claims apparently not raised in the state proceedings.

Thus, it does not appear that Claim 4 was fairly exhausted.

## E. Claim Five - Ineffective Assistance of Counsel
## Failure to elicit facts that maternal step-grandfather sexually
## molested the victim

Petitioner claims to have raised the following claim as Claim 15 in his Application for Post-Conviction Relief, "Defense counsel did not capitalize upon the possibility of the maternal grandfather who may have been the actual perpetrator of the crime against the child."

Since petitioner has not provided copies of the pleadings filed in the State courts, it is impossible to determine whether or not this claim has been fully exhausted.

## F. Claim Six - Ineffective Assistance of Counsel
## Failure to Recuse Trial Judge because of
## family relation to prosecutor

According to the petitioner, in his Application for Post-Conviction Relief he argued the recusal issue as a due process claim and not as an ineffective assistance of counsel. The due process claim was phrased as follows, "Conviction was obtained in violation of the Defendant's right to a fair and impartial trial. The prosecutor and the trial court are blood relatives."

A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement. Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). While the *habeas*

*corpus* applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement, [Lamberti v. Wainwright, 513 F.2d 277, 282 (5th Cir.1975)], clearly the petitioner cannot present new legal theories or new factual claims in his federal application. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997).

Clearly petitioner's ineffective assistance claim was not exhausted since he raised the issue as a due process claim in the state court proceedings.

### G. Claim 7 – Ineffective Assistance of Counsel
### Failed to object to the trial court's extensive questioning of
### the victim

In his Application for Post-Conviction Relief, petitioner framed this claim as a due process violation set forth as Claim 9, "The trial court allowed himself to become personally involved in the case and asked leading questions to the witness."

Again, a federal court *habeas corpus* claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement. *Id.* While the *habeas corpus* applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement, [Lamberti v. Wainwright, 513 F.2d 277, 282 (5th Cir.1975)], clearly the petitioner cannot present new legal theories or new factual claims in his federal application. Nobles

_v. Johnson_, 127 F.3d 409, 420 (5th Cir.1997). As with Claim 6, this claim was raised as a due process claim in the state court. Petitioner's present federal claim has been raised as an ineffective assistance of counsel claim.

This claim was therefore not exhausted.

### H. Claim 8 – Ineffective Assistance of Counsel
### Failure to Protect Petitioner's Waiver of Right to Jury Trial

According to the petitioner, he raised this claim as Claim 18 in his application for post-conviction relief. As with the claims discussed above, petitioner's failure to provide the exhibits requested makes the exhaustion determination impossible at this time.

### I. Claim Nine – Ineffective Assistance of Counsel
### Cumulative Errors

Finally, petitioner claims that the cumulative effect of counsel's error merits _habeas_ relief. Federal habeas relief is only available for cumulative errors that are of a constitutional dimension. _Livingston v. Johnson_, 107 F.3d 297, 309 (5th Cir.1997). It is clear from the synopsis provided by petitioner that he did not argue a cumulative error claim in his Application for Post-Conviction Relief, and therefore, this claim remains unexhausted.

### 3. "Technical Exhaustion"

Based upon the evidence presently under consideration, it is

impossible to determine whether any of petitioner's present
federal claims have been fully exhausted. Nevertheless, based
upon petitioner's allegations it is clear that three of his
present *habeas corpus* claims remain unexhausted – Claim 4
(ineffective assistance of counsel for failing to effectively
cross-examine witnesses), Claim 6 (ineffective assistance of
counsel for failing to recuse trial judge), Claim 7 (ineffective
assistance of counsel for failing to object to trial court's
examination of the victim), and Claim 9 (ineffective assistance
of counsel based upon cumulative error). By his own admission,
petitioner did not raise the substantial equivalent of these
claims in the states courts. Further, as shown above in the
discussion of petitioner's Motion for Stay and Abeyance,
petitioner cannot now raise these claims in the Louisiana courts
because any attempt would undoubtedly result in dismissal of the
action as time-barred by the provisions of LSA C.Cr.P. art.
930.8. In short, since petitioner no longer has a state court
remedy for these claims, they may be considered "technically"
exhausted because *habeas corpus* claims are considered to be
"technically" exhausted when state court relief is no longer
available, without regard to whether the claims were actually
exhausted by presentation to the state courts. Coleman v.
Thompson, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640
(1991)(if a petitioner 'fails to exhaust available state remedies

and the court to which the petitioner would be required to
present his claims in order to meet the exhaustion requirement
would find the claims procedurally barred', then the claim is
procedurally defaulted. Nobles, 127 F.3d at 420 (quoting Coleman,
501 U.S. at 735 n. 1, 111 S.Ct. 2546). Thus, when federal habeas
claims "are 'technically' exhausted because, and only because,
[petitioner] allowed his state law remedies to lapse without
presenting his claims to the state courts ... [,] there is no
substantial difference between nonexhaustion and procedural
default." Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir.1998).

Once it is determined that petitioner's claims are
procedurally defaulted, a different analysis must be employed.
*Habeas corpus* relief may be granted on  procedurally defaulted
claims only if the petitioner "can demonstrate cause for the
default and actual prejudice as a result of the alleged violation
of federal law or demonstrate that failure to consider the claim
will result in a fundamental miscarriage of justice." Moawad v.
Anderson, 143 F.3d 942, 947 (5th Cir.) (pre-AEDPA), *cert. denied*,
525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998); Nobles, 127
F.3d at 423 n. 33 (post-AEDPA); Williams v. Cain, 125 F.3d 269,
276 (5th Cir.1997) (post-AEDPA), *cert. denied*, 525 U.S. 859, 119
S.Ct. 144, 142 L.Ed.2d 116 (1998); *cf.* United States v. Flores,
135 F.3d 1000, 1006 n. 23 (5th Cir.1998) (post-AEDPA, § 2255).

Anticipating these and other potential exhaustion problems,

petitioner argues, "...if the court finds ... that he failed to exhaust some aspect of his claims in the state court proceedings, or that petitioner committed some sort of procedural default along the way, that this court nonetheless consider the merits of his claims under the actual innocence exception." [Doc. 6-1, pp. 22-23]

Petitioner simply has not shown that the failure of the court to consider the technically exhausted but procedurally defaulted claims is necessary to prevent a miscarriage of justice. The miscarriage exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir.1999) (quoting Ward v. Cain, 53 F.3d 106, 108 (5th Cir.1995)).

Petitioner asserts that he is actually innocent, but he provides no facts to show that he did not commit the crime for which he was convicted. Instead, he relies upon conclusory allegations: "Petitioner's wife and her daughter made the complaint in order to remove [petitioner] from their lives because he was physically abusing his wife. Petitioner's wife had a relationship with another man whom the victim took a liking to and did not want petitioner to interfere with her mother's new boyfriend." Petitioner also claims that his father-in-law was the perpetrator of the offense, but he offers no solid evidence to

support that allegation. To satisfy the "miscarriage of justice" test, Petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Sawyer v. Whitley, 505 U.S. 333, 335-36, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). To satisfy the "factual innocence" standard, there must be a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the petitioner's guilt. See Sawyer, 505 U.S. at 335-40, 112 S.Ct. 2514 ("factual innocence" means a fair probability that, in light of all the evidence, the trier of the fact would have entertained a reasonable doubt as to the defendant's guilt). The "factual innocence" test, requires the habeas court to give consideration to the all of the evidence now available on the issue of the guilt or innocence. In order to prevail, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Petitioner has alleged no specific facts satisfying the "factual innocence" standard. Because he failed to satisfy the "actual innocence" test, he is not entitled to relief from his procedural defaults under the fundamental miscarriage of justice exception.

Accordingly,

**IT IS RECOMMENDED** that petitioner's Motion for Stay and Abeyance be **DENIED**.

**IT IS FURTHER RECOMMENDED** that **Claim 4** (Ineffective Assistance of Counsel for failure to impeach witnesses), **Claim 6** (Ineffective Assistance of Counsel for failure to recuse trial judge), **Claim 7** (Ineffective Assistance of Counsel for failure to object to trial court's examination of victim), and **Claim 9** (Ineffective Assistance of Counsel based on cumulative effects of error) be **DISMISSED WITH PREJUDICE** as unexhausted yet "technically exhausted" and procedurally defaulted.[9]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

---

[9] By separate order, the undersigned has directed service of process of the remaining claims on the respondents.

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE