U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
AUG 28 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHAEL LEWIS GROSSIE** | **DOCKET NO. 05-1467, SEC. "P"** |
| **VERUS** | **JUDGE DEE D. DRELL** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner, Michael Lewis Grossie, pursuant to 22 U.S.C. §2254. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to federal law and a standing order of this Court.

Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a life sentence imposed following his November 2000 conviction for aggravated rape in the 9th Judicial District Court, Rapides Parish, Louisiana.

On May 24, 2006, the district judge executed a judgment adopting the recommendations of the undersigned, thereby dismissing certain claims raised by Petitioner. The only remaining claims are as follows:

**Claim 1:** The evidence was insufficient to support the conviction, which was based on incredible and

conflicting testimony;

**Claim 2:** Ineffective assistance of counsel based on counsel's failure to obtain a psychological report of the victim;

**Claim 3:** Ineffective assistance of counsel based on counsel's refusal to allow the petitioner to attend appointment for psychological evaluation;

**Claim 5:** Ineffective assistance of counsel based on counsel's failure to elicit facts that maternal step-grandfather sexually molested child-victim;

**Claim 6:** Due process violation based on the court's failure to recuse itself; and

**Claim 8:** Ineffective assistance of counsel based on counsel's failure to protect petitioner's waiver of his right to trial by jury.

The facts of the case were thoroughly set forth in the Supplemental Report and Recommendation (Doc. #17).

## Rule 8(a) Resolution

This court is able to resolve the merits of this *habeas corpus* petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the *habeas corpus* petition. Moya v. Estelle, 696 F.2d 329, 332-33

(5th Cir. 1983); <u>Easter v. Estelle</u>, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Standard of Review

Under the AEDPA standard of review, which is applicable to habeas petitions filed after AEDPA became effective on April 24, 1996, pure questions of law are reviewed under the "contrary to" standard, while pure questions of fact are reviewed under the "unreasonable determination of the facts" standard. However, mixed questions of law and fact are reviewed under the "unreasonable application" standard. <u>Drinkard v. Johnson</u>, 97 F.3d 751, 767-68 (5th Cir.1996), cert. den., 520 U.S. 1107, 117 S.Ct. 1114 (1997). An application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, habeas relief can be granted only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists. <u>Drinkard</u>, 97 F.3d at 769. This standard of review is akin to the "clearly erroneous" standard. <u>Mata v. Johnson</u>, 99 F.3d 1261, 1267 (5th Cir.1996), vacated in part on reh'g, 105 F.3d 209 (5th Cir.1997). Also, <u>Bolden v. Warden</u>, 194 F.3d 579, 583 (5th Cir. 1999), cert. den., 120 S.Ct. 1969 (U.S. May 15, 2000).

Law and Analysis

I. Claim 1 - sufficiency of evidence

Petitioner contends that the evidence presented at his trial was insufficient to convict him. A reviewing court confronted with a claim of insufficient evidence must, after viewing all the evidence in the light most favorable to the prosecution, determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Cupit v. Whitley, 28 F.2d 532, 542 (5th Cir. 1994), cert. den., 513 U.S. 1163 (1995), citing Jackson v. Virginia, 443 U.S. 307 (1979). Federal courts apply the Jackson standard "looking to the state's substantive law, giving great weight to the state court's determination." Miller v. Johnson, 200 F.3d 274, 286 (5th Cir. 2000). Further, under Jackson, "the assessment of the credibility of witnesses is generally beyond the scope of review." Schlup v. Delo, 513 U.S. 298, 330 (1995).

Under Louisiana law, aggravated rape is defined in revised statute 14:42 A(4) as anal or vaginal intercourse deemed to be without the lawful consent of the victim because the victim is under the age of twelve years. In this case, the victim, a minor child, testified her stepfather, Grossie, used "his front part in the middle" to touch her while she was "leaning over." (R. 97.) Grossie claims that there were inconsistencies in the victim's story, which evidences the lack of credible evidence to support a

4

conviction. For example, the victim continuously claimed that Grossie never put his "private" in her "private," but that he put his "private" in her "butt." (Transcript p. 66.) Furthermore, there were inconsistencies in the victim's story as to whether she saw semen on Grossie's penis and whether she was lying on her back or her stomach at the times the rapes occurred. Additionally, Grossie contends that the victim had ample opportunity to expose the alleged acts of rape, but did not do so until her mom had found a new boyfriend that the victim liked more than Grossie.

Dr. Deborah Meyers, an expert in the field of pediatrics, testified that on September 30, 1999, she performed an exam on the minor child in a "labial spread and frog legged position." Dr. Meyers noted, upon examination, that there was a "gaping vaginal opening with tight labial adhesions and a hymenal ring that was absent." (R. 529.) Dr. Meyers' diagnosis was that of sexual abuse, and she prescribed a cream for the child's adhesions. Dr. Meyers further testified that the minor child indicated to her that her step-father, Grossie, had been touching her in her "private parts" since she was four years old. (R. 74.)

Apparently, because the victim continued to insist that her stepfather only penetrated her anally, Dr. Meyers was asked to examine the victim again. She found no evidence of anal penetration. The doctor explained that anal penetration may be difficult to detect; although anal intercourse is more likely to

cause injury in a small child, an injury on repeated abuse is probably less than on a first time.

While the victim testified that Petitioner put his "private part" in her "butt" (R. 100) and denied that Grossie ever put his penis in her vagina, the victim did describe an incident to a social worker where, on her eighth birthday, Grossie called her into his bedroom and he proceeded to touch her vagina with his penis, but did not penetrate her. Furthermore, the doctor stated that the area where the labial adhesions were found on the victim were on the perineum, at the opening of the vagina in close proximity to the rectum.

The victim testified at trial that she saw some "gook" come out of Defendant's penis. However, during a recorded and transcribed interview with a social worker, conducted prior to trial, the victim denied seeing anything come out of his penis. Dr. Meyer's testified, though, that the victim told her during an initial examination about something coming out of Grossie's penis.

Grossie claims that the inconsistencies damage the victim's credibility. His claim of insufficient evidence is based primarily on these inconsistencies. The physical evidence clearly indicates the child was sexually abused. The victim's testimony points solely to Grossie as the perpetrator. While there have been inconsistencies in the victim's testimony, "the physical evidence did not unresolvably contravene the victim's statements." State v.

Grossie, 01-0225 (La. App. 3d Cir. 10/3/01)(unpublished). The trier of fact found that the victim was credible despite the inconsistencies, and the court found the essential elements of the crime proved beyond a reasonable doubt. The undersigned cannot say that the trial court's finding is clearly erroneous or based on an unreasonable determination of the facts.

II. **Claim 2 - ineffective assistance for failing to obtain psychological report of the victim**

Grossie argues that his counsel was ineffective for failing to obtain a psychological report of the victim. The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST., amend. VI. Under Strickland v. Washington, in order to demonstrate that the assistance of counsel was ineffective, a defendant must prove that (1) counsel's performance was deficient, **and** (2) that the deficient performance prejudiced the defense, i.e. that but for the poor defense, the outcome would have been different. See Strickland v. Washington, 466 U.S. 668 (1984).

In this case, John C. Simoneaux, Ph.D. performed psychological consultations of the victim, her mother, and the victim's younger sister at the request of the Rapides Parish Office of Community Services. Apparently, Grossie was unable to attend his evaluation due to his incarceration. Grossie claims that his attorney did not

7

subpoena or obtain a copy of those records and reports. Grossie maintains that this amounts to ineffective assistance of counsel.[1] Even if his counsel did fail to obtain the victim's records/reports from Dr. Simoneaux, and even if that failure was "deficient," Grossie cannot establish that such deficiency prejudiced the defense.

The report prepared by Dr. Simoneaux after his evaluation of the victim does not contain any exculpatory information that would have affected the outcome of the case. Dr. Simoneaux noted that the victim had been hospitalized at Crossroads Hospital while in the third grade. She was diagnosed with Post Traumatic Stress Disorder and Severe Depression, for which she was taking two medications. (Doc. #6-3, p.122.) Dr. Simoneaux noted that the victim, who was eight years old at the time of the evaluation, appeared anxious. She expressly stated that she worried about Grossie getting out of jail. "She essentially confirmed all of the allegations adding that Michael [Grossie] made her perform oral sex and performed both vaginal and anal intercourse. She confirmed that this made her bleed and she allowed that talking about it was difficult." Dr. Simoneaux found that the victim continued to seem anxious throughout the interview, and he noted "extreme signs of

---

[1] The only report/records at issue here are those pertaining to the victim. While Grossie alleged that his counsel provided ineffective assistance for failing to obtain the reports/records relating to the victim's mother and sister, those claims were procedurally defaulted.

8

anxiety." (Doc. #6-3, p.40.) The report also indicated that the victim had recently begun having accidents at school where she soiled her clothing. Dr. Simoneaux found that the victim clearly confirmed the sexual abuse by Grossie. He opined that she would need continued medication and therapy in order to deal with her abuse. (Doc. #6-3, p.40.)

Thus, Dr. Simoneaux's report corroborates the victim's claim that Grossie was the perpetrator. Grossie cannot show that, had his counsel obtained this report and/or used it at trial, the outcome of the case would have been any different. There is no evidence that the lack of this report prejudiced Grossie's defense; in fact, it only corroborates the victim's claims.

III. Claim 3 - Ineffective assistance based on counsel's refusal to allow the petitioner to attend his appointment for psychological evaluation

Grossie argues that his counsel provided ineffective assistance because he did not allow Grossie to attend his appointment with Dr. Simoneaux for a psychological evaluation. Dr. Simoneaux specifically noted in his report for Mrs. Grossie that the entire family had been referred to him for evaluation, but that "[it] is my understanding that Mr. Grossie was not able to honor the appointment because of his incarceration." (Doc. #6-3, p.34.) Because Grossie's argument is raised in the context of an ineffective assistance claim, Grossie has to show that (1) his

9

lawyer's performance was deficient and (2) the deficiency prejudiced his defense. Grossie cannot meet either prong of that test.

Grossie cannot establish that his inability to attend the appointment was a result of the attorney's deficient performance, nor can he establish that Dr. Simoneaux's evaluation would have been favorable to his defense. As noted herein, the evaluation of the Grossie family members was at the request of a parish office of community services; it was not in connection with Grossie's criminal matter. Further, it could have been a strategic move by the attorney to not have Grossie questioned in a non-court setting before the criminal trial, thereby protecting Grossie from saying something that could be used against him at trial. Grossie cannot overcome the presumption that, under the circumstances, his attorney's actions were anything other than sound trial strategy. See Strickland v. Washington, 466 U.S. 668 (1984).

Furthermore, Grossie testified on his own behalf at trial. Under oath, he denied molesting the victim anally or vaginally or touching her in any improper manner. (R. 130-136.) Grossie testified that he had been raped when he was six or seven years old and that he would never want another child to feel that way. (R. 134-135.) Thus, it appears from the trial testimony that anything Grossie would have said to the psychologist was stated by him in court and under oath. Grossie cannot establish that his lawyer's

10

performance in this regard was deficient or that it prejudiced his defense.

IV. <u>Claim 5 - Ineffective assistance of counsel based on counsel's failure to elicit facts that maternal step-grandfather sexually molested child-victim</u>

Next, Grossie claims that his counsel provided ineffective assistance by failing to elicit facts that the maternal step-grandfather sexually molested the victim. Grossie claims that Dr. Simoneaux's reports reveal that the victim's step-grandfather could have been the perpetrator. First, Grossie's claim that his counsel provided ineffective assistance by failing to obtain the psychologic reports of the victim's family members was procedurally defaulted. Second, Grossie cannot establish that his counsel provided assistance that was ineffective by failing to adequately portray the step-grandfather (Witherell) as the perpetrator. While Grossie claims that the victim's mother called Witherell a pervert during her evaluation by the psychologist, this fact, even if true, does not make Witherell the perpetrator. Further, Grossie points to the psychologic reports regarding the victim's younger sister. Dr. Simoneaux did note that the child had been "acting out" sexually during the first month or two that she lived the maternal grandparents. However, a year after the child had moved into the home of the maternal grandparents; she was no longer acting out. If the step-grandfather had been the cause of the problems, the

11

child's behavior would presumably have become worse, not better.

Thus, contrary to Grossie's contentions, the psychologic reports of the victim's family members do not exclude him as the perpetrator. Thus, even if the claim regarding those records had not been defaulted by Grossie, the records do not establish that anyone other than Grossie raped or molested the victim. Nowhere in the record or in the documents submitted by Grossie does the victim point to anyone other than Grossie as the perpetrator. Grossie has not met the <u>Strickland</u> requirements. That is, he cannot establish that the attorney's conduct was deficient, nor can he establish that, even if the attorney had done more to paint Witherell as the perpetrator, the outcome of the case would have been any different. Despite what the victim's mother said or what the victim's sister said, the case came down to the victim's testimony, which the trier of fact found credible and believable.

V. <u>Claim 6 - Due process rights were violated based on the trial judge's failure to recuse himself</u>

Grossie argues that his right to due process was violated because the trial judge should have been recused. Grossie claims that the trial judge was the second cousin of the prosecutor, and that he was unaware of the judge's relation to the prosecutor until after the trial when he was informed of the relationship by another inmate.

To secure habeas relief on the basis of a Due Process Clause

argument that the judge failed to recuse himself, the petitioner must establish that a genuine question exists concerning the judge's impartiality. See Bigby v. Dretke, 402 F.3d 551, 559 (5th Cir. 2005), *citing* Liteky v. U.S., 510 U.S. 540, 552 (1994). There must be an appearance of impropriety which rises to the level of a fundamental defect resulting in a complete miscarriage of justice; absent that level of severity, habeas relief is not cognizable. Bias is not lightly established because ordinarily courts presume that public officials have properly discharged their official duties. See id.

Grossie has not established that he is entitled to habeas relief. First, the authority he cites, article 671 of the Louisiana Code of Criminal Procedure, provides in part that a judge in a criminal case shall be recused when he is related to the district attorney within the second degree. Grossie has not presented any evidence that the judge and prosecutor are, in fact, second cousins, nor has the respondent addressed or denied this claim. Presuming that Grossie is correct, second cousins are relatives in the sixth degree. See e.g. State v. Daughtery, 563 So. 2d 1171, 1175 (La.App. 1st Cir. 1990), La. C.Civ.P. art. 901. Thus, the judge was not required to be recused based on his relation to the prosecutor. This alleged distant relationship raises no question concerning the judge's impartiality, does not present an appearance of impropriety, and does not rise to the

13

level of "a fundamental constitutional defect resulting in a complete miscarriage of justice." Id. Accordingly, habeas relief is not warranted on this claim.

VI. Claim 8 - Ineffective assistance of counsel based on counsel's failure to protect petitioner's waiver of his right to trial by jury.

The final claim by Grossie that is before this Court is the claim that his attorney provided ineffective assistance by failing to protect Grossie's waiver of his right to trial by jury. On November 13, 2000, Grossie appeared in court and the judge asked if it was his intent to proceed to trial before the bench. Grossie responded, "Yes." (R. 21.) The following exchange took place:

> BY MR. VAN DYKE: I have discussed it with Mr. Grossie and explained the difference between a jury and a bench trial and I believe that he understands. **We have discussed it at length, have we not Mr. Grossie?**
>
> BY DEFENDANT: **Yes, sir.**

(R. 21, emphasis added.) The judge then asked Grossie if he understood that he had a right to a jury trial, and Grossie responded in the affirmative. (R. 21.) Grossie repeatedly stated that he understood the right that he was giving up and that he did, in fact, want to proceed before the judge. (R. 21-22.)

Grossie claims that his counsel led him to believe that the

14

state would seek the death penalty if he chose a jury trial, when, in actuality, the prosecutor had no intention of seeking the death penalty. Further, Grossie asserts that he was charged with a capital offense and by law could not waive his right to a jury trial. The respondent did not address these claims in the context of a due process violation.[2]

Aggravated rape may be a capital offense if committed on a victim under the age of twelve, but it is not automatically a capital crime. La. R.S. 14:42(D)(2). Rather, the district attorney elects whether to seek a capital verdict or not. La. R.S. 14:42(D)(2)(a),(b). Only when the prosecutor seeks a capital verdict can there be no waiver of a jury trial. Here, the prosecutor chose to prosecute the aggravated rape as a non-capital offense, which carries a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Therefore, there was no prohibition to Grossie's waiver of trial by jury.

## Conclusion

In sum, habeas relief can be granted only if a state court decision is contrary to or based on an unreasonable application of clearly established federal law. See Drinkard, 97 F.3d at 769. A

---

[2]Respondent only presented argument as to why the jury trial claim did not amount to uneffective assistance of counsel. That claim was procedurally defaulted, but the due process claim was exhausted.

15

state court's decision is based on an "unreasonable application" of clearly established federal law if it is "objectively unreasonable." See Miniel v. Cockrell, 339 F.3d 331, 337 (5th Cir. 2003); Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Here, Grossie did not meet his burden of proving that the findings of fact by the state court were objectively unreasonable. Grossie is not entitled to habeas relief, and his petition should be dismissed.

## Recommendation

For the reasons stated herein, it is recommended that Grossie's Petition for Writ of Habeas Corpus be DENIED and dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th day of August, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE